IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BARBARA B. WILLIAMS,            )
                                )
            Plaintiff,          )
                                )
      v.                        )         1:10CV37
                                )
HOB-LOB, LTD.,                  )
                                )
            Defendant.          )

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court as a result of the parties' failure to comply with the Court's Order dated October 17, 2011 (Docket Entry 12). The case began when Plaintiff filed a Complaint alleging that Defendant discriminated against her based on age in violation of 29 U.S.C. §§ 621 et seq., and N.C. Gen. Stat. §§ 143-422.1, et seq. (See Docket Entry 1.) The parties thereafter jointly moved for a stay of all proceedings in this Court pending arbitration (see Docket Entry 8), which the Court granted (see Docket Entry 9). The Clerk subsequently directed the parties to submit status reports. (See Docket Entry 10.) Defendant complied with that directive by filing a status report, which stated as follows: "An arbitration hearing was held on January 21, 2011. On March 7, 2011, Arbitrator Paul Platte issued his opinion, rendering judgment in full for Defendant Hobby Lobby Stores and the matter is now concluded." (Docket Entry 11 at 1.) Plaintiff did not file a status report,[1] but, in response to a

---

[1] Nor does the Docket reflect any other filings by Plaintiff since the Court's entry of the Order staying all proceedings. (See Docket Entries dated April 19, 2010, to present.)

telephone inquiry from the Clerk's Office, Plaintiff (through her counsel) did not dispute Defendant's above-quoted report. (See Docket Entry dated Oct. 17, 2011.)

Because the undisputed record reflects that Plaintiff voluntarily submitted to and participated in arbitration of the matters underlying this case, that the arbitrator awarded judgment in Defendant's favor on March 7, 2011, and that Plaintiff failed to file a motion in this Court to vacate that award by June 7, 2011, it appears that this action is subject to dismissal. See Norton v. Amisub St. Joseph Hosp., 155 F.3d 1040, 1041 (8th Cir. 1998) (citing, inter alia, 9 U.S.C. § 12). As a result, the Court ordered "that, on or before October 27, 2011, each party shall file a memorandum up to five pages in length showing just cause, if any, why the Court should not dismiss this case with prejudice." (Docket Entry 12 at 2.) Neither party complied with that Order. (See Docket Entries dated Oct. 17, 2011, to present.)

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED**.

                                      /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                            **United States Magistrate Judge**

November 10, 2011